LOLLEY, J.
 

 hCherrie C. Flores, the claimant, appeals from a judgment by the Eleventh Judicial District Court, Parish of DeSoto, State of Louisiana, which affirmed the decision of an administrative law judge (“ALJ”) denying her unemployment benefits. For the following reasons, we reverse and remand for further proceedings.
 

 Facts
 

 Flores had been employed at Riverview Care Center (“RCC”). When she began working there in September 2003, she was a floor nurse; however, by the time of her resignation in January 2007, she was the Medicare coordinator. According to Flores, she resigned because her immediate supervisor, Becky Martin, consistently directed profane outbursts at her and the RCC management failed to address her complaints. In her January 3, 2007 notice of resignation, she stated that she was resigning due to inadequate supervision, disrespect in how employees are addressed, and being given work beyond her responsibilities. In an addendum to her notice of resignation, she stated that the main reason for her resignation was “respect issue and being lied to.”
 

 Shortly thereafter, Flores went to work for Pierremont Healthcare Center, doing Medicare coordinator work. However, she was diagnosed with the flu on February 9, 2007, and did not return to work until February 19, 2007. She was terminated by Pierremont Healthcare Center that afternoon.
 

 In February 2007, Flores filed an application for unemployment insurance benefits with the Louisiana Office of Unemployment Insurance ^Administration (the “unemployment office”). In her request she named Pierremont Healthcare Center as her last employer; however, it appears from the record she was disqualified from receiving benefits. The record indicates that Flores made other filings wherein she named RCC as her previous employer and alleged grounds for separation from that employment. A response filed by RCC stated that she had voluntarily resigned and was disqualified from receiving benefits. In a subsequent filing, the claimant stated that she did resign from RCC due to verbal abuse on January 8, 2007. Notably, she stated that she resigned from RCC “for a better job (I thought).” In another statement, the claimant stated that she quit RCC because she was dissatisfied with the working conditions, i.e., the administrative staff, especially Director of Nursing Becky Martin, regularly cussing at her and talking to her in an unprofessional manner. She further stated that the actual incident that led to her resignation occurred several weeks before she quit, but she waited until she had secured employment elsewhere to submit her resignation.
 

 In response to a letter from the unemployment office, RCC’s administrator, Ed
 
 *283
 
 Killian, denied that Flores was ever verbally abused by any supervisor. However, he asserted that Flores had been talked to on several occasions about her absences and tardiness. He further wrote that she was on medications for various ailments and that she claimed that the drugs and the pain from her medical conditions prevented her from being at work on time. According to Killian, he and the director of nursing tried to adjust her schedule to accommodate her but she resigned after he and the |sdirector of nursing talked to her about her absences. He also submitted copies of her absences from her personnel records.
 

 In April 2007, Flores was denied benefits upon a finding that she had not carried her burden of proof that she left her employment for good cause having to do with a substantial change made to the employment by the employer. She appealed this determination to the Louisiana Department of Labor, Office of Regulatory Services, Appeals Tribunal (the “appeals tribunal”).
 

 The appeals tribunal was held on July 5, 2007. Flores did not have an attorney at the proceeding. At the hearing before the administrative law judge, witnesses were questioned by Flores, Killian, and the ALJ. On July 12, 2007, the ALJ issued a written opinion, finding that Flores left her job because she felt she was being verbally abused. However, the ALJ also found that a number of employees, including Flores, engaged in the use of the profanity at the work site; he therefore concluded that she could not have been offended by the nature of the language used. The ALJ found that Flores failed to present a preponderance of the evidence to show that the supervisor directed profanity toward her, noting that she did not quit until she found another job. Consequently, the ALJ found she left for personal reasons without good cause attributable to a substantial change made to the employment by the employer. The prior agency determination denying benefits was affirmed.
 

 Flores appealed to the board of review. On August 24, 2007, it affirmed the ALJ’s decision in all respects.
 

 LFlores then filed a
 
 pro se
 
 petition for judicial review with the Eleventh Judicial District Court for the Parish of DeSoto. As defendants she named RCC and its administrator, Ed Killian. However, she did not name the administrator of the Louisiana Department of Labor (the “administrator”) as a party defendant as required by La. R.S. 23:1634. As a result, the administrator was not served with the suit and did not file a certified copy of the record of the case pursuant to La. R.S. 23:1634. The district court issued a rule to show cause why the administrator should not be held in contempt for failing to produce the documents. The administrator only learned of the instant suit when served with the rule to show cause and then arranged for the record to be filed in the district court.
 
 [1]
 

 On April 4, 2008, the district court issued an order in which it stated that, after a review of the record, it found that there was no fraud, that the findings of facts were supported by sufficient evidence, and that the ALJ’s decision was correct as a matter of law. It therefore affirmed the ALJ’s findings and assessed costs to Flores, who, now represented by counsel, appeals.
 

 Discussion
 

 In her first assignment of error, Flores argues that the proceeding by the district court was procedurally flawed because no hearing was held. We agree.
 

 
 *284
 
 Louisiana R.S. 23:1634 addresses the process of judicial review for unemployment compensation cases. It states:
 

 LA. Within the time specified in R.S. 23:1630, the administrator, or any party to the proceedings before the board of review, may obtain judicial review thereof by filing in the district court of the domicile of the claimant a petition for review of the decision, and in such proceeding any other party to the proceeding before the board of review shall be made a party defendant. If the claimant is not domiciled in Louisiana at the time for filing a petition for review, the petition or request for review may be filed in the district court of the parish in which the claimant was domiciled at the time the claim was filed or in the parish in which the Louisiana Workforce Commission is domiciled. The petition for review need not be verified but shall state the grounds upon which such review is sought. The administrator shall be deemed to be a party to any such proceeding. If the administrator is a party defendant, a certified copy of the petition shall be served upon him by leaving with him, or such representative as he may have designated for that purpose, as many copies of the petition as there are defendants. With his answer or petition, the administrator shall certify and file with the court, within sixty days of service of process, a certified copy of the record of the case, including all documents and papers and a transcript of all testimony taken in the matter, together with the board of review’s findings, conclusions, and decision. If the administrator fails to file the record with the court within the time provided herein, the court, upon hearing sufficient evidence, may issue a judgment directing payment of benefits to the claimant. B. Upon the filing of a petition for review by the administrator or upon the service of the petition on him, the administrator shall forthwith send by registered mail to each other party to the proceeding a copy of the petition, and such mailing shall be deemed to be completed service upon all parties. In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court, but the court may order additional evidence to be taken before the board of review, and the board of review may, after hearing such additional evidence, modify its findings of fact or conclusions, and file with the court such additional or modified findings and conclusions, together with a transcript of the additional record.
 
 Such proceedings shall be heard in a summary manner and shall be given preference and priority over all other civil cases
 
 except cases arising under the workers’ compensation law of this state. An appeal may be taken from the decision of the district court to the circuit court of appeal in the same manner, |fibut not inconsistent with the provisions of this Chapter, as is provided in civil cases. It shall not be necessai'y as a condition precedent to judicial review of any decision of the board of review to enter exceptions to the rulings of the board of review, and no bond shall be required as a condition of initiating a proceeding for a judicial review, or entering an appeal from the decision of the court upon such review. Upon the final termination of a judicial proceeding, the board of review shall enter an order in accordance with the mandate of the court. (Emphasis added).
 

 Louisiana C.C.P. art. 2595 states that:
 

 Upon reasonable notice a summary proceeding may be tried in open court or in
 
 *285
 
 chambers, in term or in vacation; and shall be tried by preference over ordinary proceedings, and without a jury, except as otherwise provided by law.
 

 The court shall render its decision as soon as practicable after the conclusion of the trial of a summary proceeding and, whenever practicable, without taking the matter under advisement.
 

 The district court’s order was rendered on April 4, 2008, and it stated that “this Court received a copy of the administrative record on this date, has reviewed the entire record and finds that there is no fraud, that findings of facts are supported by sufficient evidence and the decision of the Administrative Law Judge is correct as a matter of law.” As explained herein, we note that there was some confusion in these proceedings regarding the district court’s receipt of the record from the administrator. However, once the district court received those records, which it apparently did on April 4, 2008, it was incumbent upon the court to proceed as dictated in La. R.S. 23:1634. And whereas that statute states that “no additional evidence shall be received by the court,” the district court was still mandated to proceed in a summary manner.
 

 17Notably, summary proceedings are conducted with rapidity. La. C.C.P. art. 2591. However, when considering the dictates of La. C.C.P. art. 2595, we observe that the district court acted a little too rapidly in this matter in two ways.
 

 First, there is no indication in the record before us that Flores (or any party) received “reasonable notice” that the trial court was proceeding with the case on April 4th. The record before us indicates that the last action by the district court before its April 4th Order occurred on March 18, 2008. Then, the district court set a hearing for April 24th to show cause why the administrator was not in contempt for failing to timely file its record in Flores’ case. That hearing was dismissed in the district court’s April 4th order, obviously upon the district court’s receipt of the record. The appeal record shows no notice to Flores that the district court had indeed received the record from the administrator and was ready to proceed in the matter.
 

 Second, the district court failed to allow a trial, either in open court or in chambers, to grant Flores any argument as to why she deemed the opinion of the ALJ and the board of review to be incorrect. Although, Flores was not entitled to present any evidence at the summary proceeding as stated in La. R.S. 23:1634, she should have been able at least to raise “questions of law.”
 

 Considering the pertinent statute and the general authority regarding summary proceedings, we conclude that the district court’s Order was premature in that it was rendered without reasonable notice to the parties and without a trial of the matter. Therefore, we conclude that Flores’ ^assignment of error has merit, and we remand this matter to the district court to act in accordance with La. R.S. 23:1634 and La. C.C.P. art. 2595. Further, any discussion of Flores’ remaining assignments of error is pretermitted as a result of our conclusion herein.
 

 Conclusion
 

 For the foregoing reasons, the judgment of the district court in favor of Riverview Care Center and Ed Killian, appellees, is reversed and the case is remanded. Costs of this proceeding is assessed to appellees.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . The April 24, 2008 rule to show cause was ultimately dismissed.